IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PRESTON JEROME TAYLOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil Action No. 21-0093-CG-MU |
| | ) |
| WARDEN NOAH PRICE OLIVER, et al. | ) |
| | ) |
| Respondents. | ) |

**ORDER**

Petitioner Preston Jerome Taylor (hereinafter "Petitioner"), an Alabama state prisoner proceeding *pro se*, has filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. 9). Also pending before the Court are Petitioner's Motion for Status (Doc. 26) and Motion to Appoint Counsel (Doc. 29). For the reasons set forth below, Petitioner's federal habeas petition is due to be dismissed.

**I. Background**

On August 3, 2019, Petitioner was convicted in the Circuit Court for Mobile County of burglary in the second degree and attempting to elude a law enforcement officer. (Doc. 15-4 at p. 53; Trial Tr. vol. 3, 204). For the charge of burglary in the second degree, Petitioner was sentenced to twenty years, which was split to serve three years followed by three years of formal probation. (Doc. 15-4 at pp. 82-84; Trial Tr. vol. 3, 232-234). He was sentenced to time already served for the

1

attempting to elude charge. *Id.* On direct appeal, Petitioner's appointed counsel filed a "no-merit" brief with the Alabama Court of Criminal Appeals pursuant to *Anders v. California*, 386 U.S. 738 (1967). (Doc. 15-5). On October 28, 2019, the Alabama Court of Criminal Appeals issued an *Anders* Order, wherein the court granted Petitioner until November 18, 2019 to serve the court with a list of each and every point or issue Petitioner wanted considered for his appeal. (Doc. 15-6). Petitioner was granted several extensions before filing a letter brief on February 9, 2020, in which he raised a number of *pro se* issues. (Doc. 15-8). The Alabama Court of Criminal Appeals discerned Petitioner's allegations to include the following:

> (1) that the State presented insufficient evidence to sustain his convictions; (2) that the jury was subjected to "extraneous influence"; (3) that a laptop and "certain videos" should not have been admitted into evidence; and (4) that he was denied his right to a speedy trial. Petitioner also suggests bias on the part of the trial judge and appears to challenge his sentence on the basis that the circuit court did not impose the statutory minimum.

(Doc. 15-9 at p. 2). The Alabama Court of Criminal Appeals found the State had presented sufficient evidence from which the jury could conclude Petitioner was guilty of burglary in the second degree and attempting to elude a law enforcement officer, and the remaining issues raised by Petitioner were not preserved for review on appeal. *Id.* The Alabama Court of Criminal Appeals affirmed the judgment of the Mobile Circuit Court on March 6, 2020. *Id.* at p. 3.

On March 12, 2020, Petitioner filed an application for rehearing (Doc. 15-10), which the Alabama Court of Criminal Appeals overruled on March 20, 2020. (Doc. 15-11). On April 8, 2020, the Court of Criminal Appeals issued a Certificate of

Judgment. (Doc. 15-14). Petitioner filed a petition for writ of certiorari on April 18, 2020 (Doc. 15-12), which was stricken as untimely by the Supreme Court of Alabama on May 8, 2020. (Doc. 15-13).

Petitioner has filed the instant Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, raising the following grounds for relief:

> Ground One: the prosecution withheld exculpatory evidence, specifically, body camera footage from the officer who had initial contact with Petitioner, which was not "made available to the court" and that "could exonerate" Petitioner and "clears [him] of most of [the] allegations";
>
> Ground Two: the jury was allowed to leave through the front door of the courtroom "in the same direction as the alleged victim and arresting officer";
>
> Ground Three: "The Mobile County Metro Jail does not have a full law library", and Petitioner's counsel was ineffective because he would not give Petitioner "all the paperwork [he] asked for including the penal code on burglary in its entirety, the full statute of limitations with its exceptions or the point system sentencing guidelines, stating that he 'quote did not have time' and the 'evidence and witnesses were subpoenaed [that] weren't available at trial'"; and
>
> Ground Four: Petitioner was denied his right to appeal when his counsel filed an *Anders* ("no-merit") brief without Petitioner's permission, and "the injustices of [his] trial and conviction have been ignored by various courts".

(Doc. 9 at pp. 6-9). In response, Respondents argue: (1) Petitioner's petition is barred by the statute of limitations, (2) Petitioner has not exhausted the remedies available in state court, and (3) the grounds raised in his § 2254 petition are procedurally defaulted. The Court will address each argument in turn.

3

## III. Discussion

### A. Statute of Limitations

Under 28 U.S.C. § 2244(d)(1), as amended by the April 24, 1996, enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101 (Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy has a 1-year limitation to file his petition, which runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). But "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Bates v. Secretary, Department of Corrections*, 964 F.3d 1326, 1328 (11th Cir. 2020) (citing 28 U.S.C. § 2244(d)(2)).

As discussed *supra*, a Certificate of Judgment on Petitioner's State court convictions was issued on April 8, 2020 (Doc. 15-14), and the Supreme Court of

4

Alabama struck his petition for writ of certiorari as untimely on May 8, 2020. (Doc. 15-13). Because Petitioner did not timely file a petition for certiorari review in Alabama's highest appellate court, his conviction became final for federal habeas purposes on April 8, 2020, the date on which the Alabama Court of Criminal Appeals entered a certificate of judgment in the direct review proceedings. Under 28 U.S.C. § 2254, the one-year limitation period commenced on that date. Thus, Petitioner had until April 8, 2021 to file a timely § 2254 petition, absent any tolling of the limitation period.

Respondents contend that Petitioner's petition is untimely because it was filed more than one year after his case became final. (Doc. 15 at p.15). In response, Petitioner filed a document entitled "Answer to the Statute of Limitations", wherein he expresses that he filed his appeal "from prison under the constraints [sic] of the facility without the aid of an attorney", and no attorney has been appointed to him. (Doc. 18 at p. 1). Petitioner also argues the Alabama Supreme Court denied his motion "unjustly [sic]", and he is being "openly prejudiced". *Id.* at p. 2.

First and foremost, it is well established that pleadings filed by *pro se* litigants "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *See, e.g., Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Secondly, "criminal defendants have no constitutional right to an attorney in state post-conviction proceedings." *Tate v. Hetzel*, 2013 WL 951552, at *1 (S.D. Ala. Mar. 11, 2013) (citing *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) and *Coleman v. Thompson*, 501 U.S.

722, 752 (1991)). The remainder of Petitioner's timeliness arguments are baseless conclusions unsupported by any evidence.

While Respondents argue that Petitioner's petition is untimely because he did not file it by April 8, 2021, the Court notes that Petitioner filed his original petition on February 16, 2021. (*See* Doc. 1). On April 26, 2021, the magistrate judge assigned to this case Ordered Petitioner to refile his petition on a form complaint utilized in this District by May 21, 2021. (*See* Doc. 3) ("Petitioner, therefore, is ORDERED to complete and file this Court's form for a § 2254 petition, see S.D. Ala. LR 9(b); Rule 2(c) of the Federal Rules Governing Section 2254 Cases, on or before May 21, 2021. Petitioner's new petition will supersede the original petition; therefore, Petitioner shall not rely upon the original petition."). Petitioner was thereafter granted an extension of time until June 24, 2021 to file his form complaint (Doc. 8), and Petitioner timely complied with the Court's Order by filing his form petition on May 26, 2021. (Doc. 9). However, this filing date is outside of the one-year time period allowed for filing federal habeas petitions.[1]

Upon review of Petitioner's original petition (Doc. 1) and his form complaint (Doc. 9), the Court is not convinced that Petitioner's form complaint presents any new or amended arguments that were not included in his original petition. In consideration of the liberality afforded to *pro se* litigants proceeding without

---

[1] The Court's first Order (Doc. 3) directing Petitioner to file his petition on the Court's form by May 21, 2021 was not entered until after the one-year limitation had passed, and thus also provides a filing date that is outside of the one-year time period for federal habeas petitions.

6

counsel, this Court will construe Petitioner's instant § 2254 petition as an amended petition that relates back to the original complaint "since he was ordered to refile his habeas petition on this Court's form in order to have him, a *pro se* litigant, answer all of the questions that this Court has determined to be important pursuant to the Local Rules." *Hotchkiss v. Billups*, 2019 WL 2528189, at *5 (S.D. Ala. May 16, 2019); *see also Scott v. Thomas*, 2015 WL 1893419, at *1 (M.D. Ala. Apr. 20, 2015) (using date petitioner signed his original petition as date of filing when transferring court directed him to file his petition on a form complaint and advised petitioner that the corrected petition would supersede the original petition). Accordingly, Petitioner's federal habeas claims here are not foreclosed by the statute of limitations.

### B. Exhaustion of State Court Remedies

Though Petitioner's claims are not untimely, they are due to be dismissed because Petitioner failed to exhaust all state court remedies. A state prisoner is required to exhaust all state court remedies before a district court is able to reach the merits of his federal habeas claims. 28 U.S.C. § 2254(b)(1)(A). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "The exhaustion doctrine requires that a petitioner 'give the state courts full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Capocci v. Stewart*, 2017 WL 7833763, at *2 (11th Cir. Aug. 31, 2017) (citing

7

*O'Sullivan*, 526 U.S. at 845). Furthermore, "federal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile." *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999)).

Respondents argue that Petitioner did not exhaust his claims because he did not present the claims in this federal habeas petition in a properly (timely) filed petition for certiorari with the Alabama Supreme Court. (Doc. 15 at p. 7). Petitioner argues that "the law does not require that [his] petition to the Alabama Supreme Court be accepted [sic] for it to constitute as an [sic] exhausted remedy." (Doc. 18 at p. 2). Petitioner's argument is without merit.

Petitioner did not invoke one complete round of the State's established appellate review process. *See O'Sullivan*, 526 U.S. at 845. The Alabama Supreme Court denied Petitioner's petition for writ of certiorari because it was untimely under Alabama Rules of Appellate Procedure 39(c)(2) and 2(b). (Doc. 15-13). Petitioner's untimely petition for writ of certiorari with the Alabama Supreme Court did not invoke the jurisdiction of the appellate court, and as such, Petitioner's untimely petition is equivalent to having filed no petition at all. Accordingly, Petitioner has failed to exhaust state court remedies, and his § 2254 petition is due to be dismissed.

### C. Procedural Default

Petitioner's § 2254 petition also fails because his claims are procedurally defaulted. As explained by the Eleventh Circuit:

> The federal courts' authority to review state court criminal convictions pursuant to writs of habeas corpus is severely restricted when a petitioner has failed to follow applicable state procedural rules in raising a claim, that is, where the claim is procedurally defaulted. Federal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief. The doctrine serves to ensure petitioners will first seek relief in accordance with state procedures, and to lessen the injury to a State that results through reexamination of a state conviction on a ground that a State did not have the opportunity to address at a prior, appropriate time.

*Smith v. Albright*, 2014 WL 3359432, at *3 (S.D. Ala. Jul. 9, 2014) (citing *Hardy v. Allen*, 2010 WL 9447201, at *5 (N.D. Ala. Sept. 21, 2010) and *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991)) (internal citations omitted).

Here, Respondents argue that Petitioner did not raise Grounds One, Three, and Four of his § 2254 petition on direct appeal, and the Alabama Court of Criminal Appeals found that Ground Two was not an issue Petitioner preserved for review on direct appeal. (Doc. 15 at pp. 7-8). But Petitioner argues that "procedural default is a moot point" because he has "brought up" his *pro se* issues with the criminal court of appeals and in his certiorari filings. (Doc. 18 at pp. 2-3). Specifically, Petitioner contends, Ground One of his habeas petition "is the 'Brady violation'" which was provided "on the certiorari filing and was brought up to the criminal court of appeals." *Id.* at p. 3. Petitioner also argues that Ground Two "was listed as an extraneous influence"; Ground Three "is under shadow attorney on the same filings"; and Ground Four "regards the denial of the appeals themselves." *Id.* Petitioner's arguments are unfounded.

9

The Alabama Court of Criminal Appeals was the last state court to review Petitioner's claims. The court found that Petitioner's claims were not preserved for appellate review, and the evidence at trial was sufficient to support his convictions. (*See* Doc. 15-9). Accordingly, even if Petitioner's claims were presented in some form on direct appeal, the determinations by the Court of Criminal Appeals constitute adequate and independent state grounds to deny relief here.

Nonetheless, "a habeas petitioner may overcome a procedural default if he can show adequate cause and actual prejudice, or, alternatively, if the failure to consider the merits of his claim would result in a fundamental miscarriage of justice." *Hall v. Thomas*, 977 F.Supp.2d 1129, 1148 (S.D. Ala. 2013) (citing *Borden v. Allen*, 646 F.3d 785, 808 n.26 (11th Cir. 2011)). Here, Petitioner has demonstrated neither cause nor prejudice for failing to raise his claims in a timely manner in the State courts. Moreover, Petitioner has not shown that this Court's failure to discuss the merit of his federal habeas claims will result in a fundamental miscarriage of justice. Though he makes general allegations that he has been treated "unjustly", these contentions are unsupported by any specific facts and contrary to established legal principles. Thus, Petitioner's federal habeas claims are procedurally defaulted, and this Court will not address their merit.

**IV. Conclusion**

For the reasons stated above, Petitioner Preston Jerome Taylor's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody

10

(Doc. 9) is **DENIED and DISMISSED with prejudice.** Petitioner's Motion for Status (Doc. 26) and Motion to Appoint Counsel (Doc. 29) are **MOOT**.

**DONE** and **ORDERED** this 12th day of July, 2022.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE
